UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ADARIUS EASON                                                                                    PLAINTIFF
ADC #165382

V.                                      No. 2:21-CV-00050-KGB-JTR

DEXTER PAYNE, Director
Arkansas Division of Corrections, *et al.*                                                DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff, Adarius Eason ("Eason"), a prisoner in the Delta Regional Unit of the Arkansas Division of Correction ("ADC"), has filed a *pro se* § 1983 Complaint

alleging that Defendants violated his constitutional rights. *Doc. 2*. Before Eason may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Eason alleges that Defendants Dexter Payne ("Payne"), Dale Reed ("Reed"), Chrispher Budnick ("Budnick"), Linda Dykes ("Dykes"), and Percy Arnold ("Arnold") have violated his constitutional rights by permitting cameras to be directed on the bathroom of his barracks, which allows guards—including female guards—to observe him as he uses the restroom and showers. *Doc. 2 at 3*.

The Eighth Circuit has previously held that "prison officials did not violate a clearly established constitutional right by allowing female guards to monitor [male inmates] through surveillance cameras." *Bell v. Conard*, 749 Fed. Appx. 490, 491 (8th Cir. 2019) (affirming preservice dismissal) (citing *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990) ("Whatever minimal intrusions on an inmate's privacy may result from [opposite-sex] surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

concerns for safety and equal employment opportunities.")); *see also Hill v. McKinley*, 311 F.3d 899, 903 (8th Cir. 2002) (holding that a female detainee's constitutional rights were not violated when she was required to undress in front of a male guard).

Accordingly, Eason's Complaint fails to state a viable § 1983 claim and should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Eason's claims against Payne, Reed, Budnick, Dykes, and Arnold be DISMISSED, WITHOUT PREJUDICE.

2. Eason's Compliant be DISMISSED, WITHOUT PREJUDICE.

3. The dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

DATED this 15th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE